UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

    v.                                                    No. **CR 08-1682 MCA**

**RUBEN GUTIERREZ-LOPEZ**,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Ruben Gutierrez-Lopez's *Motion to Dismiss for Violation of Right to Speedy Trial* [Doc. 27] filed on November 5, 2008. Having reviewed the parties' submissions, the relevant law, and being fully advised in the premises, the Court finds that the statutory requirement of commencing the trial within 70 days of the indictment was violated in this case and that the proper remedy for this violation is to dismiss the indictment without prejudice.

The Speedy Trial Act generally prescribes a 30-day period from the date of a defendant's arrest until the date of his indictment, see 18 U.S.C. § 3161(b), and a 70-day period from the date of the indictment or arraignment until the date that jury selection and trial commences, see 18 U.S.C. § 3161(c)(1). "Where a defendant is arraigned after he is indicted, the statutory time period starts to run on the date of the arraignment." United States v. Snyder, 707 F.2d 139, 142 (5th Cir. 1983) (citing 18 U.S.C. § 3161(c)(1)); accord United States v. Kalady, 941 F.2d 1090, 1094 (10th Cir. 1991).

When the trial does not commence within 70 days after the indictment or arraignment,

and there is no excludable period of delay under other provisions of the Speedy Trial Act, then the Court has no choice but to dismiss the indictment in response to a defendant's pretrial motion bringing these facts to the Court's attention. See United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2005). The Court retains discretion, however, to determine whether the indictment should be dismissed with or without prejudice based on consideration of the following factors: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to the dismissal, (3) the impact of the reprosecution on the administration of the Speedy Trial Act and on the administration of justice; and (4) the prejudice to the Defendant occasioned by the delay. See 18 U.S.C. § 3162(a)(2); United States v. Taylor, 487 U.S. 326, 333-34 (1988).

In this case, the Defendant was arrested on June 17, 2008 [Doc. 3], but he subsequently waived his preliminary hearing and moved to extend the period for grand jury presentment from 30 days to a total of 105 days. [Doc. 13, 16.] Accordingly, the Magistrate Judge filed an *Order Tolling Speedy Trial Computation* [Doc. 17] on June 23, 2008, which extended the deadline for grand jury presentment until September 30, 2008.

Defendant was subsequently indicted on July 22, 2008, well in advance of the September 30 deadline. [Doc. 19.] Defendant was arraigned on August 1, 2008, and did not file any pretrial motions until November 5, 2008. [Doc. 21, 27.] Under these circumstances, the filing of the indictment and subsequent arraignment should have reset the Speedy Trial clock so as to commence the 70-day period for bring the case to trial pursuant to 18 U.S.C. § 3161(c)(1), resulting in a new deadline of no later than October 10, 2008. But due to a clerical or programming error in the administration of the Court's Case-

Management/Electronic Case Filing ("CM/ECF") system, such a resetting of the Speedy Trial clock did not occur, and instead the automated Speedy Trial Report produced by that system erroneously calculated the start of this 70-day period on September 30, 2008, which would have permitted the trial setting of December 8, 2008, set forth in the *Notice of Jury Selection and Trial* [Doc. 23] filed on August 4, 2008.

The correct statutory deadline for bringing the case to trial passed on or before October 10, 2008, without any motions or other filings asserting a right to a speedy trial or suggesting the need for an earlier trial setting. Less than one month later, on October 27, 2008, the Court noticed the error in calculating the trial deadline and immediately set a telephonic status conference with counsel for both parties to alert them to the issue. [Doc. 26.] Defendant responded to the Court's notice on November 5, 2008, by filing a motion to dismiss this case with prejudice based on the violation of his statutory right to commence his trial within seventy days of the indictment or arraignment. [Doc. 27.] The Government acknowledged its responsibility for missing this deadline but noted that the error was inadvertent and not the result of any affirmative effort to delay the trial for purposes of gaining a tactical advantage or causing unfair prejudice to the defense. [Doc. 28.]

Under these circumstances, the Court finds that the relevant factors weigh in favor of dismissal without prejudice. Defendant is charged with a serious offense involving the use of another person's identity in order to illegally enter the United States. The delay in setting his trial date resulted from an isolated and inadvertent clerical or programming error in the Court's automated Speedy Trial Report, which failed to properly reset the Speedy Trial clock after a prior continuance granted at the Defendant's request. There is no indication of a

pattern of behavior or affirmative effort on the part of the Government or the Court to delay the trial for any reason, and the error was noticed and brought to counsel's attention less than a month after the deadline expired without a timely trial setting.  Accordingly, this case does not present one of the "more egregious violations" for which dismissal with prejudice should be reserved.  Cano-Silva, 402 F.3d at 1035.  The alternative remedy of dismissal without prejudice will not negatively impact the administration of the Speedy Trial Act or the interests of justice, given the isolated and inadvertent nature of the violation as well as the status of the pleadings, which reflect no pretrial motions or other assertion of the need for an expedited trial until after the Court alerted counsel to the issue on October 28, 2008.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss for Violation of Right to Speedy Trial* [Doc. 27] is **GRANTED IN PART**, and the indictment is **DISMISSED WITHOUT PREJUDICE** pursuant to 18 U.S.C. § 3162(a)(2).

**SO ORDERED** this 25th day of November, 2008, in Albuquerque, New Mexico.

                                                  **M. CHRISTINA ARMIJO**
                                                  UNITED STATES DISTRICT JUDGE